PER CURIAM.
Bovino is a Colorado attorney who represented Andrew MacMillan in 2010/11. At the time of the proceeding at issue, Bovino was the holder of a very broad power of attorney relating to financial, trust, and other matters involving Andrew, including management of his business and personal affairs. Subsequently, Andrew’s mother filed for an emergency temporary *938 guardianship of him and, thereafter, Andrew filed a Petition for Voluntary Guardianship.
Bovino filed an objection to the voluntary guardianship petition with supporting affidavits, seeking a Less Restrictive Alternative. In his pleadings, Bovino stated that he was representing himself, pro se, as Attorney in Fact. Bovino attended the hearing by telephone, at which time the court struck Bovino’s filings stating that his pleadings “constitute the unauthorized practice of law in the state of Florida.”
The court then entered a written order, which states:
A review of the Court file indicates that David A. Bovino is appearing pro se as “Attorney-In-Fact” alleging “an established relationship as trusted counsel and advisor to Andrew MacMillan.” David A. Bovino has not filed a Notice of Appearance as attorney of record. As counsel is not a member of The Florida Bar, these pleading [sic] constitutes the unauthorized practice of law and are a nullity.
The trial court never reached the issue of whether Bovino was an “interested person” under Florida Probate Rule 5.685(b), section 731.201(23), Florida Statutes (2011), or otherwise, and we do not consider, address, or comment on that issue here. Rather, the court struck Bovino’s pleadings solely because they constituted the unauthorized practice of law.
Clearly, Bovino’s pleadings did not purport to be filed on behalf of Andrew and explicitly were not filed as representing him in this proceeding. Therefore, they did not constitute the unauthorized practice of law.
The order striking Bovino’s petition is reversed without prejudice to the trial court’s striking the pleadings on any other basis, if applicable, and we remand for further proceedings.

Reversed and Remanded.

WARNER, STEVENSON, JJ., and STONE, BARRY J., Senior Judge, concur.